**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:26-cv-5178 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT G. COOK, ) | |
| ) | |
| SHARON M. COOK, ) | |
| ) | |
| TERRI HERSHEY, ) | |
| ) | |
| TIMOTHY FARRELL, ) | |
| ) | |
| FRINGE ENTERPRISE TRUST, ) | |
| ) | |
| TETON ENTERPRISES, ) | |
| ) | |
| JOHN DOE, Successor-In-Interest of Dale E. ) | |
| Lapp, ) | |
| ) | |
| EARL W. HOSTETTER, ) | |
| ) | |
| CROSSWALK INVESTMENT ADVISORY, ) | |
| INC., ) | |
| ) | |
| PENNSYLVANIA DEPARTMENT OF ) | |
| REVENUE, BUREAU OF COMPLIANCE, ) | |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA ) | |
| COURT OF COMMON PLEAS, COUNTY ) | |
| OF LANCASTER, 2ND JUDICIAL ) | |
| DISTRICT, and ) | |
| ) | |
| LOWELL D. MUMMAU, individually and as ) | |
| the Executor of the O. Howard Mummau Estate,) | |
| ) | |
| Defendants. ) | |
| ) | |

1

## <u>COMPLAINT FOR FEDERAL TAXES AND FORECLOSURE OF LIENS</u>

The United States of America, at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the unpaid federal taxes, including statutory additions, owed by the Defendant Robert G. Cook and Defendant Sharon M. Cook, and to enforce the corresponding federal tax liens and judgment liens against certain real property located in Lancaster, Pennsylvania and Strasburg, Pennsylvania.

### Jurisdiction and Venue

1. The Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402(a) and 7403.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because one or more defendants reside in Lancaster, Pennsylvania, and the subject Real Property is located in Lancaster, Pennsylvania and Strasburg, Pennsylvania.  Both Lancaster and Strasburg, Pennsylvania are located in the Eastern District of Pennsylvania.

### Parties

3. The Plaintiff is the United States of America.

4. The Taxpayer Defendant Robert G. Cook maintains an address in Lancaster, Pennsylvania, and has or may claim an interest in Property 1 and Property 2, described in Paragraphs 16 and 18, below.

5. The Taxpayer Defendant Sharon M. Cook, spouse of Robert G. Cook, maintains an address in Lancaster, Pennsylvania, and has or may claim an interest in Property 1 and Property 2, described in Paragraphs 16 and 18, below.

2

6.     Defendant Terri Hershey is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 1, described in Paragraph 16, below.

7.     Defendant Timothy Farrell, Trustee, is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 1, described in Paragraph 16, below.

8.     Defendant Fringe Enterprise Trust is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 1, described in Paragraph 16, below.

9.     Defendant Teton Enterprises is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 2, described in Paragraph 18, below.

10.    Defendant John Doe, Successor-in-Interest of Dale E. Lapp is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 2, described in Paragraph 18, below.

11.    Defendant Earl W. Hostetter is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 2, described in Paragraph 18, below.

12.    Defendant Crosswalk Investment Advisory, Inc. is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 2, described in Paragraph 18, below.

3

13.     Defendant Pennsylvania Department of Revenue, Bureau of Compliance is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 1 and Property 2, described in Paragraphs 16 and 18, below.

14.     Defendant Commonwealth of Pennsylvania Court of Common Pleas, County of Lancaster, 2nd Judicial District is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 1 and Property 2, described in Paragraphs 16 and 18, below.

15.     Defendant Lowell D. Mummau, individually and as the Executor of the O. Howard Mummau Estate, is made a party to this action pursuant to 26 U.S.C. § 7403(b), because this Defendant may have or claim an interest in Property 1 and Property 2, described in Paragraphs 16 and 18, below.

### The Subject Properties

16.     Property 1 is located at 1225 Penn Grant Road, Lancaster, Pennsylvania 17602 and is more particularly described as:

> ALL THAT CERTAIN lot or tract of land situate on the North side of Penn Grant Road (Township Road T-559), between Willow Street and Strasburg Township, Lancaster County, Pennsylvania, and being known as Lot No. 6, Block A, as shown on a Plan prepared by Huth Engineers, Office for Recording of Deeds, Etc., in and for Lancaster County, Pennsylvania, in Sub-Division Plan Book J-44, Page 22, being numbered and known as 1225 PENN GRANT ROAD, and being more fully bounded and described as follows:

> BEGINNING at a point on the North existing right-of-way line of Penn Grant Road, (33 feet wide), said point being a corner of Lot No. 7 Block A; thence along the North existing right-of-way line of Penn Grant Road, North seventy-one (71) degrees, five (05) minutes, twenty (20) seconds west, a distance of one hundred four and eighty-one hundredths (104.81) feet to a point, a corner of Lot NO. 5, Block A; thence along the same, North eighteen (18) degrees, four (04) minutes East, a distance of three hundred eighty and seventy-two hundredths (380.72) feet to a point at the south side of the Pequea Creek; thence along the same, the three (3)

4

following courses and distances: (1) South seventy-eight (78) degrees, twelve (12) minutes thirty (30) seconds East, a distance of forty-four and zero tenths (44.0) feet to a point, (2) North seventy (70) degrees, forty-six (46) minutes, thirty-one (31) seconds East, a distance of forty-four and sixty-four hundredths (44.64) feet to a point, and (3) North seventy-three (73) degrees, eighteen (18) minutes East, a distance of twenty-five and zero tenths (25.0) feet to a point, a corner of Lot No. 7, Block A; thence along the same, South seventeen (17) degrees, twenty-three (23) minutes, fourty-five (45) seconds West, a distance of four hundred twenty-eight and forty hundredths (428.40) feet to a point on the North existing right-of-way line of Penn Grant Road, the place of Beginning.

BEING the same premises which Harry Z. Reifsnyder and Nancy Z. Reifsnyder, husband and wife, by their deed dated may 3, 1976 and recorded May 5, 1976 in the Office of the Recorder of Deeds in and for Lancaster County, Pennsylvania in Record Book B, Volume 68, Page 240, granted and conveyed unto Kenneth L. Martin and Beverly S. Martin, husband and wife, Grantors herein, their heirs and assigns.

AND THE SAID Kenneth L. Martin and Beverly S. Martin, Grantors herein, were divorce by Decree dated April 21, 1978, (Lancaster County) and have not remarried.

17. Robert G. Cook and Sharon M. Cook jointly purchased Property 1 on December 18, 1978, for $65,000, and held title as tenants by the entireties.

18. Property 2 is located at 108 West Main Street, Strasburg, Pennsylvania 17579 and is more particularly described as:

ALL THAT CERTAIN lot or tract of land comprised of two purparts [sic] with the improvements thereon erected situate in the Borough of Strasburg, County of Lancaster, Commonwealth of Pennsylvania, known as 108 West Main Street, the first purport bounded and described according to a survey thereof made by John G. Homsher, Registered Engineer, on the 9th day of November, A.D., 1937, as follows, to wit:

BEGINNING at the northwest corner thereof at a point in the middle line of West main Street (which point is nineteen feet northward from the south curb line of said street); thence extending along the middle line of West Main Street, south eighty-one degrees east thirty feet to a point, a corner of remaining land now or late of Charles R. and Ross E. Book; thence extending along said remaining land now or late of Charles R. and Ross E. Book south nine degrees west (crossing an iron pin on the building line of said street) seventy-five feet to an iron pin; and thence continuing along said

5

remaining land now or late of Charles R. and Ross E. Book, north eighty-one degrees west thirty feet to an iron pin, a corner, in line of land, now or late of Mrs. Emma Holl; thence extending along said land now or late of Mrs. Emma Holl, north nine degrees east (crossing an iron pin on the building line of said West Main Street) seventy-five feet to the first mentioned point and place to beginning.

The second purport is bounded and described in accordance with a survey made thereof May 14, 1960 by Herbert M. Foulke, Professional Engineer as follows to wit:

BEGINNING at a point in the middle line of West Main Street (which point is 19 feet Northward from the South curb line of said Street and also the Northwest corner of lands now or late of The Bell Telephone Company of Pennsylvania); thence extending along property now or late of The Bell Telephone Company of Pennsylvania; partly along a concrete retaining wall, and along properties now or late of Walter S. Rinehart and Ross E. Book, respectively, South 9 degrees 00 minutes West the distance of 180 feet to an iron pin a corner of land now or late of J. Leroy Ruoss; thence extending along property now or late of J. Leroy Ruoss; the two following courses and distances (1) North 81 degrees 00 minutes West 30 feet to an iron pin; (2) North 9 degrees 00 minutes East 180 feet to a point in the center line of West Main Street; thence extending along the center line of West main Street South 81 degrees 00 minutes East the distance of 30 feet to the point and place of beginning.

TOGETHER WITH the drainage privilege as set forth in the Deed from Sue B. Her's heirs to Henry Holl, dated March 31, 1888 and recorded in the Office for the Recording of Deeds in and for the County of Lancaster, Commonwealth of Pennsylvania, in Deed Book Q, Volume 19 at page 394, and also the right to drain water on lands on the opposite side of said West Main Street as set forth in Deed from Ann Speilman to Henry Holl dated December 30, 1869 and recorded as aforesaid in Deed Book Y, Volume 10 at page 216.

SUBJECT, NEVERTHELESS, to the rights of J. Leroy Ruoss and Frances Y. Ruoss, his wife, to continue to maintain certain surface and sanitary drainage lines both open and in pipes as are on the premises herein conveyed on June 29, 1960, provided however, should such lines at any time hereafter interfere with the use of said premises, such lines may be changed to other location by and at the cost of the Grantee herein, its successors and assigns, on the premises to afford equivalent facilities to provide the same drainage as was available as of June 29, 1960.

BEING THE SAME PREMISES WHICH Kenneth M. Heisler by Deed dated December 10, 1984 and recorded February 19, 1985 in the

6

Recorder's Office in and for Lancaster County, Pennsylvania, in Deed Book F, Volume 91, page 209 granted and conveyed unto Kenneth M. Heisler Library Center, a Pennsylvania non-profit corporation, its successors and assigns.

AND THE SAID corporation changed its name to the Strasburg-Heisler Library, by Article of Amendment dated September 2, 1992, which was filed with the Pennsylvania Department of State, Corporation Bureau, on October 16, 1992.

19. Robert G. Cook purchased Property 2 on May 20, 1997, for $94,500, titling it in the name of Teton Enterprises, a Nevada Trust.

### The 2004 Judgment

20. On March 29, 2004, in the matter of *United States v. Cook,* et al., No. 2:02-cv-09475-MAK (E.D. Pa.) ("*Cook I*"), this Court entered Final Judgment as follows:

   a. in favor of the United States and against Robert G. Cook in the amount of $1,536,787.13 for an unpaid civil penalty assessment under 26 U.S.C. § 6672 for the fourth quarter of 1985 for his willful failure to collect, truthfully account for, and pay over the employment taxes of Sharob Associates, Inc.;

   b. in favor of the United States and against Robert G. Cook in the amount of $191,706.61 for an unpaid civil penalty assessment under 26 U.S.C. § 6672 for the second quarter of 1986 for his willful failure to collect, truthfully account for, and pay over the employment taxes of Sharob Management Company, Inc.; and

   c. in favor of the United States and Robert G. Cook and Sharon M. Cook in the amount of $35,138.63 for unpaid income tax assessments for their tax years 1995, 1997, and 1999.

*Cook I*, Dkt. Nos. 11, 46.

21. The assessments reduced to judgment described in Paragraph 20, above, were made on the dates set forth below:

| Tax Period Ended | Type of Tax Assessed | Date of Assessment | Amount of Tax Assessment | Outstanding Balance (as of Mar. 30, 2026) |
|---|---|---|---|---|
| 12/31/1985 | 6672 Penalty | 08/25/1986 | $349,054.77 | $4,540,936.48 |
| 06/30/1986 | 6672 Penalty | 08/03/1987 | $47,764.12 | $577,280.32 |

7

| 12/31/1995 | Income | 03/16/1998 | $9,806.00 | $0 |
| 12/31/1997 | Income | 12/13/1999 | $10,918.00 | $24,406.50 |
| 12/31/1999 | Income | 11/12/2001 | $7,711.00 | $40,042.70 |

*Cook I*, Dkt. No. 11, Ex. I, Ex. II.

22.     With respect to the 6672 Penalty assessments, tax liens arose on all property and rights to property of Robert G. Cook on the dates of assessment listed above, pursuant to 26 U.S.C. §§ 6321 and 6322.  With respect to the Income tax assessments, tax liens arose on all property and rights to property of Robert G. Cook and Sharon M. Cook on the dates of assessment listed above, pursuant to 26 U.S.C. §§ 6321 and 6322.

23.     Certified Abstracts of Judgment related to the 2004 judgment were filed with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania on August 11, 2004.

24.     On March 20, 2024, the United States filed a Motion to Renew Judgment Lien for the judgment mentioned in Paragraph 20.  *Cook I*, Doc. No. 51.  The United States' Motion was granted on April 12, 2024, renewing the judgment for an additional twenty years.  *Cook I*, Dkt. No. 55.

25.     The certified Renewed Abstracts of Judgment related to the 2004 judgment were filed with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania on July 22, 2024.

26.     Pursuant to 28 U.S.C. § 3201, upon the filing of the certified abstracts described in Paragraphs 23 and 25, judgment liens in favor of the United States arose and attached to all real property of Robert G. Cook and Sharon M. Cook.

8

**Nominees and Alter Egos of Robert G. Cook**

27.    Upon information and belief, Robert G. Cook has formed several entities that serve as his nominees or alter egos, with a purpose of frustrating collection of Robert G. Cook's debts.

28.    Robert G. Cook has a close relationship with Fringe Enterprise Trust, or Fringe Enterprise Trust is the alter ego of Robert G. Cook.  Upon information and belief, Robert G. Cook and Fringe Enterprise Trust shared a tax return preparer, David Perkins.  Additionally, the address associated with Fringe Enterprise Trust—8210 East 71st Street, Suite 356, Tulsa, Oklahoma—is an address also used by other entities closely associated with Robert G. Cook, including Simplicity Trust, Teton Management, and Echo Management.

29.    Fringe Enterprise Trust is identified as a beneficiary of Simplicity Trust.

30.    Upon information and belief, The Summit Advisory Limited and Simplicity Trust are alter ego entities formed by Robert G. Cook.  Cook has unfettered use of the funds of these entities and used them to purchase property that he controlled and enjoyed without restriction.

31.    Teton Enterprises was incorporated in Nevada on December 11, 1996.  Teton Enterprises' corporate status was permanently revoked in 1998.

32.    Robert G. Cook represented himself as the manager of Teton Enterprises.  Robert G. Cook signed a Housing and Urban Development settlement statement related to the purchase of Property 2 as "Robert Cook, Mgr." of Teton Enterprises.

33.    From its inception, Teton Enterprises was inadequately capitalized, if capitalized at all.

34.    No dividends appear to have been paid from Teton Enterprise Trust to its beneficiary, Max-Pro Trust.

9

35.      Teton Enterprises appears to have no legitimate function.  Its sole or primary purpose is to frustrate collection of Robert G. Cook's debts and to function as a façade for Cook.

**Property 1**

36.      On April 28, 1997, pursuant to the "Agreement and Declaration of Trust," Property 1 was placed in trust with Timothy Farrell as Trustee.  Robert G. Cook and Sharon M. Cook were named as beneficiaries of the trust.  The trust document reflects no compensation was paid to Timothy Farrell.

37.      The Agreement and Declaration of Trust allowed the Cooks the power to direct the trustee, to manage and control Property 1, and to receive any proceeds from renting, selling, mortgaging, or otherwise disposing of Property 1.  Additionally, the Cooks, as beneficiaries, were granted the power to remove the trustee and appoint a successor.  Each power assigned to the trustee by the agreement required consent of the beneficiaries.

38.      The Trust is revokable.  The Cooks retained the power to terminate the Trust at any time with thirty days written notice delivered to the trustee.

39.      The Agreement and Declaration of Trust was recorded August 29, 1997, with the Recorder of Deeds in Lancaster, Pennsylvania.

40.      On April 28, 1997, the same day Property 1 was placed in trust, the Cooks also assigned their beneficial interests in the trust to Fringe Enterprise Trust.  This assignment was made without consideration.

41.      The Cooks assigned their beneficial interest in Property 1 because of, or in anticipation of, a liability to the United States.  As described in Paragraphs 20 and 21, by the time the Cooks assigned their beneficial interest, Robert G. Cook had already incurred substantial assessed civil penalty liabilities under 26 U.S.C. § 6672.  Additionally, the

assignments occurred just before the Cooks accrued joint income tax liabilities for their tax years 1995 and 1999, and contemporaneously with their accrual of joint income tax liabilities for their tax year 1997, as described in Paragraph 21.

42.    After the assignment of beneficial interest, the Cooks continued to reside at, use, and enjoy Property 1.

43.    On December 6, 1993, a mortgage against Property 1 in the amount of $10,170 was recorded in Lancaster County, Pennsylvania and listed O. Howard Mummau and Lowell D. Mummau as the lenders.  On May 12, 2015, this mortgage was assigned to Defendant Terri Hershey.

44.    Robert G. Cook claims that Terri Hershey currently lives at Property 1.

**Property 2**

45.    On March 27, 1997, Robert G. Cook individually signed a contract to purchase Property 2 for $94,500.

46.    On April 4, 1997, Robert G. Cook made a $1,000 deposit on the purchase of Property 2 by writing a check on The Summit Advisory Limited bank account.  Robert G. Cook used funds earned by his alter ego entities (including The Summit Advisory Limited and Simplicity Trust) to fund the purchase of Property 2.

47.    On May 20, 1997, Cook caused Property 2 to be titled in the name of "Teton Enterprises, a Nevada Trust."  On May 27, 1997, the deed was recorded.

48.    Teton Enterprises provided no consideration for Property 2.  Property 2 was acquired with funds earned by The Summit Advisory Limited and Simplicity Trust, whose disposition Robert G. Cook directed and controlled.

49. Like Property 1, Robert G. Cook titled Property 2 in Teton Enterprises' name because of, or in anticipation of, a liability to the United States. As described in Paragraphs 20 and 21, by the time Property 2 was purchased and titled in the name of Teton Enterprises, Robert G. Cook had already incurred substantial assessed civil penalty liabilities under 26 U.S.C. § 6672. Additionally, the purchase occurred just before the Cooks accrued joint income tax liabilities for their tax years 1995 and 1999, and contemporaneously with their accrual of joint income tax liabilities for their tax year 1997, as described in Paragraph 21.

50. In past years, Robert G. Cook has paid local Borough of Strasburg property taxes owed by Property 2 despite the property being titled in Teton Enterprises' name.

51. Property 2 is currently rented to Defendant Crosswalk Investment Advisory, Inc. Robert G. Cook receives the rent from Crosswalk Investment Advisory, Inc. personally and reports the rent as income on his income tax returns.

52. On January 19, 1999, Robert L. Singleton, as trustee of Teton Enterprises, executed a "Collateral Mortgage" in favor of Dale E. Lapp, Esq., agent for the mortgagee. The mortgage was said to be secured for payment of $30,000.00 owing from The Summit Advisory Limited.

53. A letter mailed from the IRS to Dale E. Lapp was returned to the IRS on January 22, 2024, marked "Deceased."

54. Upon information and belief, Dale E. Lapp passed away in 2003.

55. Dale E. Lapp's successor-in-interest may have an interest in Property 2 due to the potentially outstanding Collateral Mortgage. At this time, the identity of Dale E. Lapp's successor-in-interest is unknown to the United States.

56.     A second mortgage was created in March 2015 between Teton Enterprises and Earl W. Hostetter in the amount of $46,000.

57.     In response to a letter mailed from the IRS to Earl W. Hostetter, Hostetter responded on January 17, 2024, stating that the balance of the mortgage remained $46,000 and that no payments were being made.

**Other Liens Against Property 1 and Property 2**

58.     On July 12, 1996, the Pennsylvania Department of Revenue, Bureau of Compliance recorded a Certified Copy of Lien with the Lancaster Prothonotary's Office identifying Robert G. Cook's liabilities in the amount of $54.07.  On June 14, 2021, the Bureau filed a second Certified Copy of Lien with the same office, identifying Robert G. Cook's liabilities in the amount of $15,661.92.

59.     On November 30, 2009, O. Howard Mummau and Lowell D. Mummau filed a Praecipe for Writ of Revival with the Lancaster Prothonotary's Office for a judgment lien identifying Robert G. Cook's, Sharon M. Cook's, Timothy Farrell as Trustee for Robert G. Cook and Sharon M. Cook's, and the United States of America's liabilities in the amount of $81,383.28.

60.     O. Howard Mummau died on July 15, 2018.

61.     An estate for O. Howard Mummau was opened on July 30, 2018, in the Lancaster County Orphan's Court.  Lowell D. Mummau was named the Executor of the estate.  The estate remains open.

62.     Lowell D. Mummau may claim an interest in Property 1 and Property 2 in his individual capacity and/or in his capacity as Executor of the Estate of O. Howard Mummau.

13

63.     On March 7, 2014, the Commonwealth of Pennsylvania Court of Common Pleas, County of Lancaster, 2nd Judicial District filed a Praecipe to Enter Judgment with the Lancaster Prothonotary's Office identifying Robert G. Cook's liabilities in the amount of $83,096.73.

64.     Each lien described in Paragraphs 58–63, above, was recorded later in time than the IRS's Notices of Federal Tax Lien.  Each lien described in Paragraphs 59–63, above, was also recorded later in time than the United States' judgment liens.

<u>**Count I**</u>
**Reduce Federal Income Tax Assessments to Judgment Against Robert G. Cook**

Plaintiff incorporates and realleges Paragraphs 1–64.

65.     A delegate of the Secretary of the Treasury properly and timely made assessments against Robert G. Cook for unpaid federal income taxes, as reflected below:

| Tax Period Ending | Date of Assessment | Amount of Tax Assessment | Outstanding Balance (as of March 30, 2026) |
|---|---|---|---|
| 12/31/2014 | 2/24/2020 | $18,355.00 | $38,369.71 |
| 12/31/2016 | 3/8/2021 | $10,219.00 | $24,149.37 |
| 12/31/2017 | 4/4/2022 | $7,576.00 | $16,973.89 |
| 12/31/2019 | 4/3/2023 | $3,385.00 | $6,371.45 |
| 12/31/2020 | 5/1/2023 | $3,526.00 | $5,902.06 |
| 12/31/2021 | 3/27/2023 | $7,568.00 | $13,799.19 |
| **Total Balance Outstanding** | | | **$105,565.67** |

66.     A delegate of the Secretary of the Treasury gave notice of the tax assessments set forth in Paragraph 65 to Robert G. Cook and made demand for payment of those assessments.

14

67.     Despite notice and demand for payment of the assessments set forth in Paragraph 65, Robert G. Cook has neglected or refused to make full payment of their liabilities to the United States.

68.     Penalties and interest have accrued according to law on the unpaid balance of assessments set forth in Paragraph 65 and will continue to accrue until paid in full.

69.     As of March 30, 2026, with respect to the assessments described in Paragraph 65, Robert G. Cook is indebted to the United States in the amount of $105,565.67, plus interest and penalties accruing after that date as provided by law, for his 2014, 2016–17, and 2019–21 income tax liabilities.

## Count II
### Foreclosure of Joint Federal Tax Liens and Judgment Lien with Respect to the Federal Tax Liabilities of Robert G. Cook and Sharon M. Cook

Plaintiff incorporates and realleges Paragraphs 1–69.

70.     Pursuant to 26 U.S.C. §§ 6321 and 6322, for each of the joint assessments described in Paragraph 21, a federal tax lien arose on the date of the assessments and attached to all property and rights to property belonging to Defendants Robert G. Cook and Sharon M. Cook, including their interest in Property 1 that was titled in the name of their nominee Timothy Farrell and whose beneficial interest was assigned to nominee Fringe Enterprise Trust.

71.     The Internal Revenue Service recorded notices of federal tax lien reflecting the assessments described in Paragraph 21, above, with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania, identifying Robert G. Cook's and Sharon M. Cook's unpaid income tax liabilities.

72.     Through their nominees, Timothy Farrell, Trustee, and Fringe Enterprise Trust, Robert G. Cook and Sharon M. Cook have held and continue to hold an interest in Property 1,

15

and when federal tax liens arose in favor of the United States on the dates of the assessments described in Paragraph 21, above, and attached to all property and rights to property belonging to Robert G. Cook and Sharon M. Cook, those liens also attached to Robert G. Cook and Sharon M. Cook's interest in the Property 1 held by Timothy Farrell, Trustee and Fringe Enterprise Trust as nominees of Robert G. Cook and Sharon M. Cook.

73. The Internal Revenue Service recorded notices of federal tax lien reflecting the assessments described in Paragraph 21, above, with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania, identifying Defendant Timothy Farrell, Trustee, as nominee of Robert G. Cook and Sharon M. Cook.

74. The Internal Revenue Service recorded notices of federal tax lien reflecting the assessments described in Paragraph 21, above, with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania, identifying Defendant Fringe Enterprise Trust, as nominee of Robert G. Cook and Sharon M. Cook.

75. The United States of America, by virtue of the tax liens and judgment lien that encumber Property 1, is entitled to have the federal tax liens and judgment lien foreclosed, Property 1 sold, and the proceeds from the sale applied to the unpaid tax assessments described in Paragraph 21 and the judgment lien described in Paragraph 26, above.

**Count III**
**Foreclosure of Federal Tax Liens and Judgment Lien**
**with Respect to the Federal Tax Liabilities of Robert G. Cook**

Plaintiff incorporates and realleges Paragraphs 1–75.

76. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States on the dates of the assessments described in Paragraphs 21 and 65, above, and attached to all property and rights to property belonging to Robert G. Cook, including his interest

in Property 1 that was titled in the name of his nominee Timothy Farrell and whose beneficial interest was assigned to nominee Fringe Enterprise Trust, and his interest in Property 2 that was assigned to alter ego and nominee Teton Enterprises.

77.    The Internal Revenue Service recorded notices of federal tax lien reflecting the assessments described in Paragraphs 21 and 65, above, with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania, identifying Defendant Robert G. Cook's unpaid trust fund penalty and income tax liabilities.

78.    Through his nominees, Timothy Farrell, Trustee, and Fringe Enterprise Trust, Robert G. Cook has held and continues to hold an interest in Property 1, and when federal tax liens arose in favor of the United States on the dates of the assessments described in Paragraphs 21 and 65, above, and attached to all property and rights to property belonging to Robert G. Cook, those liens also attached to Robert G. Cook's interest in Property 1 held by Timothy Farrell, Trustee and Fringe Enterprise Trust as nominees of Robert G. Cook.

79.    The Internal Revenue Service recorded notices of federal tax lien reflecting the assessments described in Paragraphs 21, above, with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania, identifying Defendant Timothy Farrell, Trustee, as nominee of Robert G. Cook.

80.    Through his alter ego and/or nominee, Teton Enterprises, Robert G. Cook has held and continues to hold and interest in Property 2, and when federal tax liens arose in favor of the United States on the dates of assessments described in Paragraphs 21 and 65, above, and attached to all property and rights to property belonging to Robert G. Cook, those liens also attached to Robert G. Cook's interest in Property 2 held by Teton Enterprises as an alter ego and/or nominee of Robert G. Cook.

81.    The Internal Revenue Service recorded notices of federal tax lien reflecting the assessments described in Paragraphs 21, above, with the Prothonotary's Office for Lancaster County in Lancaster, Pennsylvania, identifying Defendant Teton Enterprises, as alter ego and/or nominee of Robert G. Cook.

82.    The United States of America, by virtue of the tax liens and judgment lien that encumber Robert G. Cook's interest in Property 1 and Property 2 is entitled to have the federal tax liens foreclosed, Property 1 and Property 2 sold, and the proceeds from the sale applied to the unpaid tax assessments described in Paragraphs 21 and 65 and judgment lien described in Paragraph 26, above.

**Prayer for Relief**

WHEREFORE, the United States respectfully prays that this Court:

A.    As to Count I, enter judgment in favor of the United States and against Defendant Robert G. Cook, with respect to the income tax assessments for tax years 2014, 2016, 2017, 2019, 2020, and 2021, described in Paragraph 65, above, in the amount of $105,565.67 as of March 30, 2026, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

B.    As to Counts II and III, determine, adjudge, and decree that the United States holds valid and subsisting tax liens by virtue of the assessments for tax quarters four of 1985 and two of 1986 and tax years 1995, 1997, and 1999 (described in Paragraph 21, above), tax years 2014, 2016, 2017, 2019, 2020, and 2021 (described in Paragraph 65, above), and a valid and subsisting judgment lien by virtue of the judgment recorded (described in Paragraph 26), on all property and rights to property of Robert G. Cook and Sharon M. Cook, including Property 1 and Property 2;

18

C.      As to Count II, determine, adjudge, and decree that Timothy Farrell, Trustee and Fringe Enterprise Trust are the nominees and/or alter egos of Robert G. Cook and Sharon M. Cook; that Timothy Farrell and Fringe Enterprise Trust hold title to Property 1 only in their capacities as nominees or alter egos of Robert G. Cook and Sharon M. Cook; and that Robert G. Cook and Sharon M. Cook are the real and beneficial owners of Property 1;

D.      As to Count III, determine, adjudge, and decree that Teton Enterprises is the nominee and/or alter ego of Robert G. Cook; that Teton Enterprises holds title to Property 2 only in its capacity as nominee or alter ego of Robert G. Cook; that Robert G. Cook is the real and beneficial owner of Property 2;

E.      As to Counts II and III, order that the tax liens and judgment lien of the United States be foreclosed against the interests of Robert G. Cook and Sharon M. Cook in Property 1 and Property 2; that Property 1 and Property 2 be sold; and that the proceeds from the sale be distributed to the United States and to the other lienholders and property owners according to the respective priorities of their liens and interests in Property 1 and Property 2 established in this matter;

F.      As to Counts II and III, order that any Defendants who do not appear in this matter forfeit any rights they may have to Property 1 and Property 2 and any claim they may have to proceeds from the sale of Property 1 and Property 2;

G.      Award the United States its costs and attorney's fees incurred in prosecuting this action; and

H.      Such other and further relief as the Court deems just and proper.


*[signature on next page]*

19

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

Date: July 24, 2026                        /s/ Adam S. Domitz
                                           ADAM S. DOMITZ (NY # 6213896)
                                           Trial Attorney
                                           Tax Litigation Branch
                                           Civil Division, U.S. Department of Justice
                                           P.O. Box 227
                                           Washington, D.C. 20044
                                           Tel.: (202) 307-2007
                                           Fax: (202) 514-6866
                                           Adam.S.Domitz@usdoj.gov

                                           *Counsel for the United States of America*